# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| CHARMELL BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 17-2212 |
| | ) |
| JACQUELINE LASHBROOK, | ) |
| Warden, Menard Correctional | ) |
| Center, | ) |
| | ) |
| Respondent. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Petitioner Charmell Brown, proceeding pro se, has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (d/e 1), a Motion to File a Late Federal Habeas (d/e 2), and a corrected Petition (d/e 3). Respondent Jacqueline Lashbrook moves to dismiss the § 2254 Petition as time-barred. Because the § 2254 Petition is untimely, the Motion to Dismiss (d/e 8) is GRANTED. A certificate of appealability is GRANTED.

# I. BACKGROUND

The Court takes the following information from Petitioner's § 2254 Petition[1] and the public records attached to Respondent's Motion to Dismiss.[2] The Court can take judicial notice of public records. See United States ex rel. Santiago v. Hinsley, 297 F. Supp. 2d 1065, 1068 n.4 (N.D. Ill. 2003) (involving summary dismissal of a § 2254 motion where the court took judicial notice of public records about the petitioner's prior state court litigation).

In December 2009, a Champaign County, Illinois jury found Petitioner guilty of first degree murder and aggravated battery with a firearm. On May 27, 2010, Petitioner was sentenced to 60 years' imprisonment for first degree murder and 30 years' imprisonment

---

[1] The Court reviews the corrected Petition as the operative § 2254 Petition and will use the filing date of the first Petition for purposes of this Opinion. The § 2254 Petition does not specifically list Petitioner's grounds for relief. See, e.g., p. 8 (d/e 3) (listing "N/A" as Ground One). Petitioner attaches a handwritten listing of the claims he raised in earlier proceedings. The Court construes the handwritten document as containing the claims Petitioner seeks to raise in his § 2254 Petition because he lists the "supporting facts" for those claims.

[2] The attachments include People v. Brown, 968 N.E.2d 1067 (Ill. 2012) (Table) (the Illinois Supreme Court's denial of leave to appeal relating to Petitioner's direct criminal appeal); People v. Brown, 2015 WL App (4th) 130412U (the appellate court decision affirming the summary dismissal of Petitioner's state postconviction petition); People v. Brown, 39 N.E.3d 1005 (Ill. 2015) (Table) (the Illinois Supreme Court's denial of leave to appeal relating to Petitioner's postconviction petition); and the Champaign County Circuit Clerk Court Docket. See d/e 8-1 through 8-4.

for aggravated battery with a firearm with the sentences to run consecutively. Petitioner appealed, and the appellate court affirmed. People v. Brown, No. 4-10-0409 (June 10, 2011) (unpublished order filed under Supreme Court Rule 23). On May 30, 2012, the Illinois Supreme Court denied leave to appeal. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

On March 15, 2013, Petitioner filed a postconviction petition pursuant to 725 ILCS 5/122-1 et seq. in the Champaign County Circuit Court. On April 1, 2013, the trial court summarily denied the postconviction petition. The appellate court affirmed, and the Illinois Supreme Court denied Petitioner's petition for leave to appeal on September 30, 2015.

On October 11, 2016, Petitioner filed a successive postconviction petition, which the state trial court denied on February 8, 2017. Petitioner did not appeal.

On September 20, 2017, Petitioner filed his unsigned Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (d/e 1) in this Court. He also filed an unsigned Motion to File a Late Federal Habeas (d/e 2). On September 21,

2017, this Court directed Petitioner to pay the $5 filing fee or file a petition to proceed in forma pauperis. The Court also directed Petitioner to file a copy of his Petition signed under penalty of perjury. Petitioner has paid the filing fee and filed a signed copy of his Petition (d/e 3). The Court treats the corrected Petition as the operative § 2254 Petition.

On November 1, 2017, the Court found summary dismissal was not warranted and directed Respondent to respond to the Petition. Respondent has moved to dismiss Petitioner's § 2254 Petition as untimely. Petitioner has not filed a response to the Motion to Dismiss, despite the Court <u>sua sponte</u> granting Petitioner additional time to respond.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act provides for a one-year period of limitation for applications for writs of habeas corpus. Section 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2).

Petitioner, having not responded to the Motion to Dismiss, does not assert that the State created an impediment to filing (§ 2244(d)(1)(B)), that the Supreme Court has recognized a right and made that new right retroactively applicable to cases on collateral review (§ 2244(d)(1)(C)), or that the factual predicate for the claims could not have been discovered previously through the exercise of due diligence (§ 2244(d)(1)(D)). Therefore, the Court will only address the calculation of the one-year period under § 2244(d)(1)(A).

Under 28 U.S.C § 2244(d)(1)(A), the relevant date for starting the limitation period is the date on which Petitioner's conviction became final by the conclusion of direct review or the expiration of the time for seeking such review. Where, as here, certiorari was not sought, the statute of limitations imposed by § 2244(d)(1)(A) begins to run after the conclusion of all direct criminal appeals in the state court and the expiration of the 90–day period for filing a petition for writ of certiorari. See Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002).

In this case, the Illinois Supreme Court denied leave to appeal on May 30, 2012. The 90-day period to file a petition for writ of certiorari with the United States Supreme Court expired on August

28, 2012. Therefore, Petitioner's conviction became final on August 28, 2012.

The limitation period ran from August 28, 2012 until March 15, 2013, the date Petitioner filed his first state postconviction petition, a total of 199 days. See 28 U.S.C. §2244(d)(2) (a properly filed state postconviction petition tolls the limitation period). The limitations period was tolled from March 15, 2013 until September 30, 2015, when the Illinois Supreme Court denied Petitioner's petition for leave to appeal. See Lawrence v. Florida, 549 U.S. 327, 332 (2007) (holding that "the statute of limitations is tolled only while state courts review the application" and not during the pendency of a petition for writ of certiorari to the United States Supreme Court). The limitation period began running again on September 30, 2015. The one-year limitation period expired 166 days later on March 14, 2016.[3] Because Petitioner did not file his § 2254 Petition until September 20, 2017, his Petition is untimely.

---

[3] Petitioner's second postconviction petition filed on October 11, 2016, after the limitation period expired, did not restart the limitations period. See De Jesus v. Acevedo, 567 F.3d 941, 943 (7th Cir. 2009). In addition, because Illinois law requires pre-filing authorization for a successive petition, a successive petition tolls the limitation period only if the state court grants permission to file it. Martinez v. Jones, 556 F.3d 637, 638-39 (7th Cir. 2009).

The statutory limitation contained in §2244(d) is subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). Equitable tolling saves an otherwise untimely habeas petition if the petitioner can establish: (1) he had been pursuing his rights diligently; and (2) some extraordinary circumstance prevented him from filing his petition on time. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "Equitable tolling is rarely granted." Tucker v. Kingston, 538 F.3d 732, 734 (7th Cir. 2008).

Although Petitioner has not responded to the Motion to Dismiss, he filed a Motion to File Late Federal Habeas at the same time he filed his Petition. In the Motion, Petitioner asserts that he should be allowed to file his untimely § 2254 Petition because he spent a year in segregation starting on February 17, 2016. Petitioner claims that while he was in segregation, he sent his § 2254 Petition—which he had completed in October 2015—to the prison library to get copies and the Petition got lost. Petitioner also asserts he could not prepare his Petition while in segregation because he cannot read or write and he needed help to prepare the Petition.

To demonstrate diligence, Petitioner must show that he was reasonably diligent in pursuing his rights throughout the limitation period and until he finally filed his § 2254 Petition. Carpenter v. Douma, 840 F.3d 867, 870 (7th Cir. 2016) (finding that delay in filing petition after the district court provided the petitioner with instructions was not reasonable). Petitioner has not made that showing.

By February 17, 2016, when Petitioner was placed in segregation, he had only 26 days remaining in the limitation period. Despite claiming that he had completed his § 2254 Petition in October 2015, Petitioner did not attempt to make copies of the document until he was in segregation, at which time the document was purportedly lost by prison officials. Petitioner has not shown that he exercised diligence between October 2015 and February 2016, before the limitation period expired.

In addition, after being released from segregation, Petitioner still waited seven months to file his § 2254 Petition. Taylor v. Michael, 724 F.3d 806, 812 (7th Cir. 2013) (affirming the district court's refusal to apply equitable tolling and noting that, even after the alleged extraordinary circumstances ended, the petitioner had

several months to file his petition but did not). Although Petitioner claims he needed help to prepare his § 2254 Petition because he can neither read nor write, he does not explain how he was able to file his second state postconviction petition in October 2016 while in segregation or why it took seven months after he was released from segregation to prepare a § 2254 petition that he had previously completed in October 2015. See, e.g, United States v. Gaetz, No. 10-CV-1956, 2011 WL 336143, at *5 (N.D. Ill. Jan. 31, 2011) (although the petitioner was consistently pursuing relief in the state courts, he offered no explanation that would excuse his delay in filing the federal habeas petition after the state courts denied him leave to file his successive postconviction petition); United States ex rel. McLaughlin v. Bowen, No. 1 CV 8715, 2006 WL 1519334 , at *3 (N.D. Ill. 2006) (even assuming some portion of the 18-month time period could be tolled, the petition was still barred because the petitioner allowed even more time to pass before filing his federal habeas petition). Petitioner has not shown that he is entitled to equitable tolling.

Finally, although Petitioner does not explicitly argue that equitable estoppel should apply, he does argue that prison officials

lost his habeas petition when he was in segregation. Equitable estoppel can, in appropriate circumstances, apply to a statute of limitations in a habeas case. Socha v. Pollard, 621 F.3d 667, 672 (7th Cir. 2010); see also Balsewicz v. Kingston, 425 F.3d 1029, 1033-34 (7th Cir. 2005) (equitable estoppel "may apply to § 2244 only where the doctrine's operation would not conflict with the specific tolling provisions of § 2244(d)"). Equitable estoppel "addresses conduct by the defendant that prevents the plaintiff from suing within the statutory period." Williams v. Sims, 390 F.3d 958, 959 (7th Cir. 2004) (giving as an example when "the defendant has fraudulently concealed from the plaintiff the existence of a claim against the defendant" or requests that the plaintiff delay suit while the parties attempt to negotiate a settlement).

Even assuming that prison officials intentionally lost Petitioner's § 2254 Petition to prevent him from filing it, Petitioner nonetheless waited seven months after being released from segregation to file his § 2254 Petition. Petitioner offers no explanation for this delay, only stating that he could not file while in segregation because he needed help to prepare the Petition. See, e.g., Balsewicz, 425 F.3d at 1035 (noting that, even if there had

been some conduct by the state that prevented the plaintiff from filing, "his reliance on equitable doctrine was misplaced" where he waited years to advance his claims). Therefore, Petitioner is not entitled to equitable estoppel.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings, this Court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009).

The Court concludes that jurists of reason would find it debatable whether Petitioner's Petition should be dismissed as untimely. Moreover, although the Court has only conducted a

cursory review of Petitioner's claims, the Court finds that it appears that jurists of reason could differ as to the § 2254 Petition's merits, particularly with respect to Petitioner's ineffective assistance of counsel claims.

## IV. CONCLUSION

For the reasons stated, Respondent's Motion to Dismiss (d/e 8) is GRANTED, and Petitioner's Corrected Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (d/e 3) is DISMISSED.  Petitioner's Motion to File a Late Federal Habeas (d/e 2) is DENIED.  A certificate of appealability is GRANTED as to whether equitable tolling or equitable estoppel applies under the circumstances of Petitioner's case.  CASE CLOSED.

**ENTERED: May 11, 2018**

**FOR THE COURT:**

*s/Sue E Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**